U.S. Time Corp .v. United States    (No. 5254)*

United States Court of Customs and Patent Appeals, April 6, 1967

*Sharretts, Paley & Carter* (*Eugene F. Blauvelt*, of counsel) for appellant. *Barefoot Sanders*, Assistant Attorney General, *Andrew P. Vance*, Chief, Customs Section, *Bernard J. Babb* for the United States.

[Oral argument February 7, 1967 by Mr. Blauvelt and Mr. Babb]

Before Rich, Acting Chief Judge, Rich, Smith, Almond, Associate Judges, and William H. Kirkpatrick**

Smith, Judge, delivered the opinion of the court:

This appeal is from the judgment of the Customs Court, First Division (C.D. 2641), 56 Cust. Ct. 311, overruling the appellant-importer's protests and sustaining the classification of the collector in certain consolidated cases.

The imported merchandise is represented by appellant's collective exhibit 1 consisting of three items described on the invoices as bangle arms, springs and rivets. These items were classified by the collector under the provisions of paragraph 1527(c)(2) of the Tariff Act of 1930, as modified by T.D. 53865 and T.D. 53877, the relevant provisions of which read:

> Articles valued above 20 cents per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person, such as and including, * * *, watch bracelets, * * *; all the foregoing and parts thereof, finished or unfinished _____ 55% ad val.
>
> Parts values under 20 cents per dozen _____ ½¢ each and 25% ad val.

---

*C.A.D. 906.
**Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

The bangle arms were assessed as parts of said articles valued at over 20 cents per dozen and the springs and rivets were assessed at the rate for parts valued at under 20 cents per dozen.

The protest is that the merchandise is properly dutiable as articles or wares n.s.p.f. under paragraph 397 which reads as originally enacted:[1]

Articles or wares not specially provided for * * * if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum or other metal, but not plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 45 per centum ad valorem.

Collective exhibit 1 is described by appellant as follows:

* * * three separate pieces of metal; a bangle arm composed of aluminum approximately 2½ inches in length, tapering in width from 5/16″ to 2/16″ and varying in thickness from 5/16″ to 1/16″; a small rivet, headed at one end, composed of a copper nickel alloy (nickel-silver) with a diameter of .043 (thousands) of an inch; and a small spring composed of carbon steel wire. The bangle arm is bent in an arc or curve designed to fit around a human wrist, the wider and thicker end is split so as to form a projection on either side with a hole for the rivet in each arm * * *. None of the articles are plated * * *.

As exhibit 2, appellant introduced a complete wrist watch with two of the imported bangle arms, springs and rivets attached to the watch case. The two bangle arms are mounted on the watch case by means of rivets with the springs biasing them in such manner that the two arms may move relative to each other under tension supplied by the springs to engage opposite sides of the wrist of the wearer of the watch. Also submitted was an exhibit 3 comprising a collection of eight metal watch bracelets, which the sole witness, appearing for appellant, produced as examples of commercially available watch bracelets.

The Customs Court predicated its decision largely on our decision in *United States* v. *Astra Trading Corp.*, 44 CCPA 8, C.A.D. 627. It considered that case as authority that, if the merchandise was contemplated within the *eo nomine* provisions for watch bracelets in paragraph 1527(c)(2), its classification under that provision would be preferred to the broader and less specific provisions of paragraph 397. It also regarded that case as holding that Congress had effectively severed watch bracelets, for duty purposes, from the watches which they supported, "making all watch bracelets, by implication, incidental articles of mere personal comfort, convenience, or adornment."

The Customs Court found it undisputed that the importations, when assembled on a watch, have the same function as watch bracelets of the *Astra* case and held that they thus "function in the same manner as

---

[1] Changes made in paragraph 397 by T.D. 51802 and T.D. 54108 need not be considered as they do not affect the issue here.

articles within the common meaning of the tariff term 'watch bracelet' "
in paragraph 1527(c)(2). It concluded:

The undisputed fact is that the imported items are parts which, when assembled
as in exhibit 2, form and function as watch bracelets, and, as such, are properly
dutiable under the provisions of paragraph 1527(c)(2). * * *

We have no doubt that the importations were properly classified
under paragraph 1527(c)(2), noting that such paragraph not only
calls for articles "including" watch bracelets but also for articles "such
as" watch bracelets.

Before us, appellant appears to argue only points already fully
considered by the Customs Court. It contends that since the bangle
arms hold the watch against the wearer's wrist solely because of the
spring and that since the spring would not function unless one end
were pressed against the watch case, the bangle arms, springs and
rivets are physically dedicated, by design and construction, to use as
an integral and necessary part of the watch of exhibit 2. Appellant
then states that a wrist watch is not provided for in paragraph 1527
(c) because it is not a tariff entity for the reason that watch move-
ments and watch cases are separately provided for in different portions
of paragraph 367. It is further urged that the bangle arms, springs
and rivets, being essential and necessary to the completion of the wrist
watch, "were neither designed for nor do they ever become parts of
a watch bracelet."

We do not find appellant's arguments prove the conclusion it urges
and think that the Customs Court satisfactorily answered all of them.
In the first place, the Customs Court observed that the imported items
have the sole function of holding the watch to the wrist of the wearer.
It further noted that the items, when assembled on a watch as in ex-
hibit 2, form the bracelet or wrist band section of the completed
article and function in the same manner as articles within the common
meaning of the tariff term "watch bracelet." It further found perti-
nent, and we think correctly so, the following quotation from *Galla-
gher & Ascher* v. *United States*, 6 Ct. Cust. Appls. 105, T.D. 35343, also
cited in *United States* v. *Astra Trading Corp.*, supra, relative to ar-
ticles within a similarly worded provision of a previous act:

The controlling question in this provision, outside of the question of value and
material, seems to be whether the articles in question are designed to be worn
on apparel or carried on or about or attached to the person in the same manner
as are the enumerated articles and like articles when in their customary use. If
the assessed articles do not resemble the enumerated ones in that particular,
then they would not fall within the present provision, whatever might be their
resemblance to the exemplar articles or some of them in any other particular.
On the other hand, if the assessed articles are similar to the prescribed exemplars

in respect to the manner in which they are worn or customarily carried upon the person, then the resemblance is sufficient to satisfy the terms of the provision. * * *

We also think, as did the Customs Court, that the fact that the imported items may be physically dedicated to use with but one type of watch is not controlling. There being no tariff designation for parts of a watch, dedication of the goods to use with a particular watch has no bearing on whether the importations fall within the *eo nomine* designation of articles "such as and including * * * watch bracelets" and parts thereof. See *Concord Watch Co.* v. *United States,* 41 CCPA 13, C.A.D. 523. There, as noted below, it was held that certain metallic stands, rings and bases which were attached to cases of watches in forming table or desk watches did not form part of the watch cases for duty purposes and stated with respect to the separate tariff provisions for watch cases and movements:

* * * Although the movements may be fixed in cases *particularly adapted to contain particular movements,* the cases and the movements may not be combined and assessed with duty as entireties. * * * [Emphasis added.]

Also, we do not consider it significant that the importations cannot be independently assembled in the form of watch bracelets but require mounting on the watch case in order that the spring may act to provide the tension required for the bangle arms. The fact that the watch assembly of exhibit 2 operates as a unit does not bar segregation of its components for tariff purposes, the *Concord Watch* case, supra, being pertinent to this point. As stated by the Customs Court:

Where it is clear that a fully assembled watch with a bracelet would be constructively segregated for tariff purposes even though the movement, case, and band were by design dedicated to each other, then the fact that the bracelet portion obtained a physical and commercial identity (certainly the bracelet portion enters into the price of the entire item), only after integration with the watchcase and movement, is immaterial. When, as here, the bracelet portion is imported in an already segregated manner by the piece, such imported pieces retain their identity as parts of that section of the ultimate assembly readily recognizable, both physically and commercially as a watch bracelet.

We also agree with the court below that the operation of the strap and buckle type watch bracelets, one of which is included in exhibit 3, is quite similar to the operation of the present importations. As the court noted,

* * * [the device] consists of two separate strap sections, one end of each containing a fastening device for attachment to a watchcase by means of a standard spring pin. At the other end of one of the straps is a buckle and at the end of the other strap there is a series of holes. In normal usage, each strap is first attached independently at either end of the watchcase and then the two straps are brought around the wrist and buckled together holding the watch in place.

Finally, there can be do doubt that the importations are parts of, in the language of paragraph 1527(c)(2) "[a]rticles * * * *such as* * * * watch bracelets." [Emphasis added.]

The judgment of the Customs Court is *affirmed*.